UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS BALLY,

    Plaintiff,

v.

    Case No. 17-10632

    Hon. John Corbett O'Meara

FIRST NATIONAL BANK
OF OMAHA,

    Defendant.
_____/

# ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the court is Plaintiff's motion for summary judgment, filed June 6, 2017. The court heard oral argument on September 14, 2017. Subsequently, the parties submitted supplemental briefs. For the reasons stated below, Plaintiff's motion is denied.

## BACKGROUND FACTS

Plaintiff Thomas Bally alleges that Defendant First National Bank of Omaha violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, when it repeatedly called his cellular telephone without his consent.

On December 6, 2016, Defendant called Plaintiff in an attempt to collect a

debt. During that call, Plaintiff told Defendant to stop calling him, then immediately hung up the phone. See Pl.'s Ex. 4 (audio recording); Pl.'s Ex 1. Defendant's representative, Marveen Fredrickson, apparently not realizing that Plaintiff had hung up, asked when Plaintiff would be able to make his past due payment. Pl.'s Ex. 4; Def.'s Ex. A (Declaration of M. Fredrickson). Fredrickson contends that she did not hear and understand Plaintiff's request to not to call him, or she would have brought the matter to the attention of her supervisor, as she had been trained to do. Def.'s Ex. A at ¶¶4-5, 9-10. According to Fredrickson, the supervisor would have removed Plaintiff's cell phone number from the account. Id.

Defendant continued to make collection calls to Plaintiff's cell phone after December 6, 2016. According to Defendant's records, ninety-six calls were made to Plaintiff's cell phone between December 7, 2016, and January 20, 2017. Pl.'s Ex. 6. These calls were made using an automatic telephone dialing system, the "Avaya Predictive Dialer 5.1." Pl.'s Ex. 7. Plaintiff did not answer these calls.

On January 20, 2017, Plaintiff answered a call from Defendant. Defendant's representative, Fauna Papstein, asked whether Plaintiff could make a payment toward his account. Plaintiff indicated that he could not and asked Papstein to stop calling, then hung up. See Pl.'s Ex. 13 (audio recording). Unsure of what Plaintiff said, Papstein then asked if Plaintiff was requesting a "cease and desist," but he

had already terminated the call.  See id.; Def.'s Ex. B (Declaration of F. Papstein). Papstein had her supervisor remove Plaintiff's cell phone number from the account.  No further phone calls were made to Plaintiff's cell phone from Defendant after January 20, 2017.

## LAW AND ANALYSIS

Plaintiff seeks summary judgment in his favor.  Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

The TCPA makes it unlawful

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
>
> * * *
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).  To establish a prima facie case under § 227(b)(1)(A)(iii), a plaintiff must show that: "(1) a call was placed to a cell or wireless phone; (2) by the use of any automatic dialing system and/or leaving an

artificial or prerecorded message, and (3) without prior consent of the recipient." Harris v. World Fin. Network Nat. Bank, 867 F. Supp. 2d 888, 892 (E.D. Mich. 2012) (citation omitted). The statute provides for a private right of action to recover actual damages or statutory damages in the amount of $500 per violation, whichever is greater. 47 U.S.C. §227(b)(3). A plaintiff may also recover treble damages if the court finds that the violation was knowing or willful. Id.

The evidence shows that Defendant made ninety-six calls to Plaintiff's cell phone using an automatic dialing system. Plaintiff initially consented to receiving calls on his cell phone by providing his number to Defendant. See Hill v. Homeward Residential, Inc., 799 F.3d 544, 551 (6th Cir. 2015). A party may revoke his consent, however, by "clearly express[ing] his or her desire not to receive further calls." Van Patten v. Vertical Fitness Grp., LLC, 847 F.3d 1037, 1048 (9th Cir. 2017). See also Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014) (called party may orally revoke prior consent). Plaintiff contends that his revocation of consent was clear. Defendant's representatives, however, aver that they did not clearly hear Plaintiff's request to stop calling and were unable to seek clarification because he immediately hung up the phone. Reasonable minds could differ regarding whether Plaintiff clearly expressed his desire not to receive further calls from Defendant. Under the circumstances,

whether Plaintiff revoked his consent is an issue of fact for the jury.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is DENIED.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: October 26, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 26, 2017, using the ECF system.

                                                 s/William Barkholz
                                               Case Manager